UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br>Civil Action Nos. 1:00cv1272 and 1:00cv2146 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S MEMORANDUM IN OPPOSITION TO THE MOTION BY
O'NEILL AND BRANDT FOR RECONSIDERATION OR REARGUMENT
OF THIS COURT'S JANUARY 2001 DECISION DENYING
THEIR MOTION TO REMAND**

*Of Counsel*

MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
Charles B. Casper
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

MICROSOFT CORPORATION
Richard J. Wallis
Steven J. Aeschbacher
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

November 12, 2004

SULLIVAN & CROMWELL LLP
David B. Tulchin
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
    (Fed. Bar No. 02307)
Jeffrey D. Herschman
    (Fed. Bar No. 00101)
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br>Civil Action Nos. 1:00cv1272 and 1:00-2146 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S MEMORANDUM IN OPPOSITION TO THE MOTION BY O'NEILL AND BRANDT FOR RECONSIDERATION OR REARGUMENT OF THIS COURT'S JANUARY 2001 DECISION DENYING THEIR MOTION TO REMAND**

In 1999 and 2000 respectively, Microsoft removed both *O'Neill* v. *Microsoft Corp.* (No. 1:00-1272) and *Brandt* v. *Microsoft Corp.* (No. 1:00-2146) from Wisconsin state court. Both cases were then transferred to this Court. In July 2000, plaintiffs filed a motion seeking remand to state court of *O'Neill* and *Brandt*, among others. This Court denied the motion with respect to *O'Neill* and *Brandt* in January 2001, correctly holding that (1) federal diversity jurisdiction in *O'Neill* existed because "'the value of the object' of the requested injunctive relief" in that action "exceed[ed] $75,000" and (2) federal diversity jurisdiction in *Brandt* existed because plaintiff requested that Microsoft disgorge profits of more than $75,000. *In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702, 719 (D. Md. 2001).

Neither O'Neill nor Brandt ever sought reconsideration or reargument of this Court's 2001 decision to deny their remand motions. Instead, their complaints continued

to remain pending on the docket of this Court, and their lawyers apparently were for years content to remain in federal court. The issue was settled.

Now, however, in late 2004, and without ever making a formal motion, both O'Neill and Brandt contend that this Court should reconsider its decision of 2001. O'Neill claims that the Court's decision was in error because the Court merely accepted a "perfunctory assertion" that Microsoft's cost of complying with an injunction requiring it to modify its software would exceed $75,000, (O'Neill's July 16, 2004 Response to Microsoft's Motion to Dismiss and, Further, Motion to Remand to State Court or, Alternatively, to the Transferor District Court at 4), and Brandt joins in this motion even though it has no applicability to her case, which was removed on the basis of its disgorgement claim.[1]

As an initial matter, plaintiffs' request that this Court reconsider a ruling made over three years ago is untimely, see D. Md. Local R. 105(10) (requiring motions to reconsider be filed within 10 days), and their motion should be denied on that ground alone.

In any case, this court has subject matter jurisdiction in both cases. O'Neill's assertion that there was no evidence of Microsoft's cost of compliance is incorrect. In 2001, the Court, relying on the August 17, 2000 Declaration of Christopher Jones, based its determination of the amount in controversy on the fact that a "roughly analogous update to the Windows 1998 operating system cost in excess of $58 million." 127 F. Supp. 2d at

---

[1] At oral argument on November 5, 2004, Brandt requested permission to join O'Neill's remand motion. This Court granted that request on the condition that plaintiffs file a paper formally joining the O'Neill motion. To date, no such paper has been filed.

718. O'Neill has not produced any evidence of any kind that might contradict Microsoft's showing as set forth in the Jones Declaration.

Similarly, Brandt has not provided any basis for overturning this Court's determination that a claim for disgorgement of profits satisfies the diversity statute's amount in controversy requirement because "at least theoretically, an individual plaintiff, regardless of the particular damages he has suffered, might recover the entire unjust benefit obtained by the defendant." 127 F. Supp. 2d at 720. Nor could she do so; there has been no change in the controlling law, and there is no dispute that Microsoft's profits exceed $75,000.

In short, the undisputed evidence before the Court in 2001, and now, supports the Court's conclusion that federal diversity jurisdiction is present in both cases.[2] There can be no basis to revisit that determination.

---

[2] Of course, it is axiomatic that the propriety of a removal is determined by the complaint as removed. *Brown v. Eastern States Corp.*, 181 F.2d 26, 26 (4th Cir. 1950). Subsequent amendments by plaintiffs or adverse rulings that may eliminate the basis for removal are irrelevant. *Id.*

## CONCLUSION

The Court should deny plaintiffs' motions to reconsider or reargue the decision on their 2001 motion to remand.

November 12, 2004

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: /s/ David B. Tulchin
David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
 (Fed. Bar No. 02307)
Jeffrey D. Herschman
 (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2004, I caused a copy of the foregoing Memorandum in Opposition to the Motion by O'Neill and Brandt for Reconsideration or Reargument of This Court's January 2001 Decision Denying Their Motion to Remand to be served by facsimile and first class mail upon:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
(202) 408-4699 (facsimile)

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202
(513) 381-2375 (facsimile)

and

Ben Barnow
BARNOW AND ASSOCIATES P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
(312) 641-5504 (facsimile)

Michael F. Brockmeyer