UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

December 2, 2004

Memo To Counsel Re: Microsoft Antitrust Litigation
MDL-1332

Dear Counsel

The purpose of this letter is to rule upon several of the remaining claims plaintiffs assert under state law.

### *Aikens, Automatik,* and *Quigley* (Louisiana Law)

#### Unjust Enrichment Claims

I previously have dismissed the *Aikens* plaintiff's claim for unjust enrichment. *In re Microsoft Antitrust Litig.*, 127 F. Supp. 2d 702, 722 n.22 (D. Md. 2001). Plaintiffs contend that this ruling was incorrect because if they have no other viable claim, there is "a gap in the law" that entitles them to pursue an unjust enrichment remedy. *See generally Coastal Envtl. Specialists, Inc. v. Chem-Lig Int'l Indus., Inc.*, 818 So. 2d 12, 19 (La. App. 1 Cir. 2001). I am not persuaded by this reasoning. The mere fact that a plaintiff may not have a remedy under another provision of Louisiana law does not automatically entitle him to assert a claim for unjust enrichment. Rather, the point is that a plaintiff may not invoke the equitable doctrine of unjust enrichment "to defeat the purpose of a rule of law directed to the matter at issue." *Taylor v. Woodpecker Corp.*, 562 So. 2d 888, 892 (La. 1990). Because the Louisiana legislature has decided that indirect purchasers cannot recover under Louisiana's antitrust statute, *see Free v. Abbott Labs.*, Inc.,176 F.3d 298, 299 (5th Cir. 1999), indirect purchasers may not assert an unjust enrichment claim under Louisiana law.

#### *Aikens'* Other Claims

The *Aikens* plaintiffs assert a bad faith breach of contract claim based upon the end-user licensing agreement. They have not, however, made any allegations as to how any term of the end licensing user agreement was breached by Microsoft or that Microsoft somehow acted with an intent to mislead or deceive with respect to the end-user licensing agreement. Likewise, plaintiffs' misrepresentation claim fails because they have alleged no facts that would give rise to "a legal duty on the part of . . . [Microsoft] to supply [them] correct information," as Louisiana law requires. *See*

*generally New Birth Temple Church of God in Christ v. Delta Claims Serv., Inc.*, 738 So. 2d 1210, 1212 (La. App. 2 Cir. 1999); *Devore v. Hobart Mfg. Co.*, 367 So. 2d 836, 839 (La. 1979).

The *Aikens* plaintiffs also assert a claim under article 2520 of the Louisiana Civil Code. That section creates a warranty claim for rehibitory defects or vices in a product. The only defect or vice plaintiffs have identified is the alleged overpricing of Microsoft's software. That does not constitute a "rehibitory defect" or "vice." *See generally* Louisiana Civ. Code Art. 2520; *Family Drugstore of New Iberia, Inc. v. Gulf States Computer Servs., Inc.*, 563 So. 2d 1324, 1326 (La. App. 3 Cir. 1990); *Commercial Union Ins. Co. v. Ryland Dodge & Chrysler, Inc.*, 457 So. 2d 255, 257 (La.. App. 3 Cir. 1984).

### *Automatik's* Claim Under LUTPA

There is a split in authority as to whether indirect purchasers have a private right of action under the Louisiana Unfair Trade Practices Act ("LUTPA"). *Compare Plaquemine Marine, Inc. v. Mercury Marine*, 859 So. 2d 110, 117 (La. App. 1 Cir. 2002) *with e.g., Morris v. Rental Tools*, 435 So. 2d 528, 533 (La. App. 5 Cir. 1983). Under the majority view LUTPA provides a right of action only for consumers and competitors. Federal district courts in Louisiana have adopted this view, and I find that they are correct in having done so. *E.g., Hamilton v. Business Partners, Inc.*, 938 F. Supp. 370, 374 n.11 (E.D. La. 1996). Thus, *Automatik's* claim under LUTPA fails. Although it has alleged that it is an "OEM and computer consulting firm that purchases Microsoft software both directly and through Microsoft's distributors," it has made no allegations to demonstrate that it is either a consumer of the software or a Microsoft competitor.

### *Turner Corporation* (Massachusetts Law)

Turner Corporation attempts to state claims under §§ 9 and 11 of the Massachusetts' Consumer Protection Act, Mass. Gen. Laws ch. 93A §§ 9 and 11. Turner Corporation's claim under § 9 fails because it "is engaged in trade or commerce" and thus is not a "consumer" within the meaning of the section. Its claim under § 11 fails because in *Ciardi v. F. Hoffman-LaRoche, Ltd.*, 762 N.E. 2d 303, 311-12 (2002), the Massachusetts Supreme Judicial Court opined that in order for a business to bring a claim under § 11 based upon alleged antitrust violations, a business must be a direct purchaser. Turner Corporation does not allege that it was a direct purchaser.[1]

### *W. Pryor* (New Jersey Law)

---

[1] Turner Corporation's claim appears to be barred on the additional ground that its allegations are insufficient to meet the "center of gravity" test the Massachusetts Supreme Judicial Court has recently adopted in determining whether "the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth," as required by §11. *See Kuwaiti Danish Computer Co. v. Digital Equip. Corp.*, 781 N.E. 2d 787, 799 (Mass. 2003).

In *Kieffer v. Mylan Laboratories, Inc.*, No. Ber-L-365-99, 1999-2 Trade Reg. Rep. (CCH) ¶ 72,673 (N.J. Super. Ct. Sept. 9, 1999), the court held that "it is clear, in light of the statutory requirement that the New Jersey Antitrust Act be construed in harmony with the ruling judiciary interpretations of comparable federal antitrust statutes, that . . . the New Jersey Antitrust Act bars suits brought by indirect purchasers." *Id*. at *3. In January 2001, I declined to dismiss the *William Pryor* action in view of the fact that an appeal was then pending in *Kieffer*. *Microsoft*, 127 F. Supp. 2d at 723. That appeal was dismissed in February 2001. It appears to me that *Kieffer* was correctly decided. Accordingly, a dismissal of the *William Pryor* case is now appropriate.

### *Brandt, Moon, and O'Neill* (Wisconsin Law)

Plaintiffs in the *Brandt* and *O'Neill* cases have requested that I either (1) remand the actions to the Wisconsin state courts from which they were removed, or (2) suggest to the MDL Panel that the actions be remanded to the Eastern District of Wisconsin from which they were transferred in order for that court to determine whether a stay should be issued pending decision of the Wisconsin Supreme Court in *Olstad v. Microsoft Corp*. As to the renewed request that the actions be remanded to state court, I remain satisfied that my earlier ruling that removal was justified on the basis of the cost to Microsoft of complying with plaintiffs' requested injunctive relief was correct. That ruling was not based upon aggregating the cost of compliance as to each plaintiff but upon Microsoft's averment (supported by the affidavit of Christopher Jones) that complying with the requested injunctive relief as to any one plaintiff would cost Microsoft in excess of $75,000.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge