IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION | : MDL DOCKET NO. 1332<br>:<br>: Hon. J. Frederick Motz<br>:<br>:<br>:<br>: |
| This Document Relates To:<br><br>*O'Neill* v. *Microsoft Corp.*,<br>    Case No. 1:00-cv-01272-JFM | :<br>:<br>:<br>:<br>:<br>: |

**MICROSOFT'S MEMORANDUM IN OPPOSITION
 TO PLAINTIFF'S SUGGESTION OF TRANSFER**

G. Stewart Webb, Jr. (Fed. Bar No. 00828)
Randolph Sergent (Fed. Bar No. 23970)
VENABLE LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7565

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

October 18, 2005

## TABLE OF CONTENTS

**PAGE**

BACKGROUND ............................................................................................................... 1

ARGUMENT ................................................................................................................... 2

CONCLUSION ................................................................................................................ 5

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION | : MDL DOCKET NO. 1332<br>:<br>: Hon. J. Frederick Motz |
| This Document Relates To:<br><br>*O'Neill* v. *Microsoft Corp.*,<br>    Case No. 1:00-cv-01272-JFM | |

**MICROSOFT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S SUGGESTION OF TRANSFER**

Microsoft agrees that the stay entered in December 2004 may now -- in view of the recent decision of the Wisconsin Supreme Court -- be lifted. It is premature, however, to transfer this action to the Eastern District of Wisconsin. Pretrial proceedings in this action are not complete, and a remand would create a substantial risk of inconsistent pretrial rulings and a waste of judicial resources.

**BACKGROUND**

In his complaint, which was originally filed in Wisconsin state court, plaintiff O'Neill asserts claims against Microsoft under the Wisconsin antitrust act, Wis. Stat. Ann. §§ 133.01 *et seq*. (*O'Neill* Compl. ¶¶ 38-44.) In 2000, the action was removed to the U.S. District Court for the Eastern District of Wisconsin and later transferred to this Court. Plaintiff's motion to remand this action to state court was

denied in January 2001. *In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702, 719 (D. Md. 2001).

In March 2004, the Wisconsin Supreme Court accepted the appeal of *Olstad* v. *Microsoft*. A trial court and the Wisconsin Court of Appeals had both ruled in *Olstad* that Wisconsin's antitrust act applies only to anticompetitive conduct within the state.

Because an affirmance in *Olstad* would have compelled the dismissal of O'Neill's action, Microsoft moved in June 2004 for a stay pending a decision by the Wisconsin Supreme Court. O'Neill then requested that this Court reconsider its denial of plaintiffs' motion to remand to state court, or, in the alternative, suggest to the JPML that this action be remanded to the Eastern District of Wisconsin. *See* Tr., Nov. 5, 2004, at 86 (attached as Exhibit A to the Affidavit of G. Stewart Webb, Jr. ("Webb Aff.")). In December 2004, this court denied O'Neill's motion and instead granted Microsoft's motion for a stay "pending the decision of the Wisconsin Supreme Court in *Olstad* v. *Microsoft*." Memorandum and Order, *In re Microsoft Corp. Antitrust Litig.*, No. 1:00-cv-01272-JFM (D. Md. Dec. 2, 2004) (attached as Exhibit B to Webb Aff.).

On July 13, 2005, the Wisconsin Supreme Court issued its decision reversing the trial court's dismissal of *Olstad*. *Olstad* v. *Microsoft Corp.*, 700 N.W.2d 139 (Wisc. 2005).

## ARGUMENT

Because this action was stayed pending a decision in *Olstad*, and that decision has now been rendered, Microsoft agrees that the stay should be lifted. The request to remand to the transferor court, however, should be denied.

Under 28 U.S.C. § 1407(a), each action transferred for coordinated or consolidated pretrial proceedings "shall be remanded by the [JPML] at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." The JPML has made clear that it "will remand an action . . . prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause." *In re South Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978). Rule 7.6(c) of the Rules of Procedure of the JPML provides that the JPML shall consider remanding a transferred action upon the "suggestion of the transferee district court." The transferee judge should not make such a suggestion unless "he or she perceives his or her role in the case has ended." *In re Integrated Resources, Inc. Real Estate Ltd. Partnerships Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994) (citing *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)). Plaintiff bears the burden of establishing that a remand is warranted. *Id*.

The decision in *Olstad* means that O'Neill may pursue his claims under Wisconsin's antitrust act. It does not obviate the need for further pretrial proceedings in this case. For one, no class has been certified. In addition, before any trial can commence, the parties also would need to designate, and take discovery from, their respective experts and litigate dispositive motions. The efficiencies gained from coordination of such pretrial proceedings with the other actions that remain pending against Microsoft in this Court is the very purpose of § 1407. *See In re Food Lion, Inc.*

*Fair Labor Standards Act "Effective Scheduling" Litig.*, 73 F.3d 528, 531-32 (4th Cir. 1996) (multidistrict litigation statute "was enacted as a means of conserving judicial resources in situations where multiple cases involving common questions of fact were filed in different districts").

Indeed, the JPML expressly cited the prevention of "inconsistent pretrial rulings (particularly with respect to overlapping class certification requests)" as one of its reasons for transferring this case to this Court for coordinated proceedings. *In re Microsoft Corp. Antitrust Litig.*, No. 1332, slip op. at 2 (JPML Apr. 25, 2000) (attached as Exhibit C to Webb Aff.). To suggest a remand while the potential for inconsistent pretrial rulings (especially with respect to class certification) still exists would undermine the JPML's stated reason for transferring this action to this Court.

It should be noted here that there are already three actions pending in the state courts of Wisconsin that raise allegations and make claims against Microsoft similar to those made here by O'Neill. Indeed, O'Neill is presumably a member of the putative class or classes in those three Wisconsin cases. Moreover, one of O'Neill's lawyers in this action, Mr. Barnow, is counsel of record in one of those three Wisconsin cases. It would thus be eminently sensible for this action to be dismissed without prejudice so that O'Neill's claims under the Wisconsin antitrust act can be litigated in a Wisconsin state court only (and without duplicative litigation in a federal court). Upon a lifting of the stay, Microsoft suggests that the Court and parties contemplate such a dismissal of *O'Neill*.

## CONCLUSION

Plaintiff's request that this Court suggest to the JPML a remand of this action to the Eastern District of Wisconsin should be denied.

Dated:  October 18, 2005

Respectfully submitted,

*Of Counsel:*

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

By:  _____/S/_____
G. Stewart Webb, Jr.
(Fed. Bar No. 00828)
Randolph Sergent
(Fed. Bar No. 23970)
VENABLE LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7565

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

CERTIFICATE OF SERVICE

I hereby certify that the copies of the foregoing Microsoft's Memorandum in Opposition to Plaintiff's Suggestion of Transfer and Affidavit of G. Stewart Webb, Jr. (with exhibits) were served this 18th day of October, 2005 via e-mail and first class U.S. mail upon Ben Barnow, Esq., Barnow and Associates, P.C., One North LaSalle, Suite 4600, Chicago, IL 60602, Attorney for Plaintiff, and upon counsel of record via electronic service.

                                                /S/
                                    G. Stewart Webb, Jr.