IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION | : MDL DOCKET NO. 1332<br>:<br>: Hon. J. Frederick Motz<br>:<br>:<br>:<br>:<br>: |
| This Document Relates To:<br><br>*O'Neill* v. *Microsoft Corp.*,<br>    Case No. 1:00-cv-01272-JFM | :<br>:<br>:<br>:<br>:<br>:<br>: |

## <u>AFFIDAVIT OF G. STEWART WEBB, JR.</u>

I, G. Stewart Webb, Jr., depose and state as follows:

1.      I am a partner with the firm of Venable LLP, attorneys for Microsoft in these actions.

2.      Attached hereto as Exhibit A is a true and correct copy of a portion of the Transcript of Proceedings, *In re Microsoft Corp. Antitrust Litig.*, No. 1332 (D. Md. Nov. 5, 2004).

3.      Attached hereto as Exhibit B is a true and correct copy of Memorandum and Order, *In re Microsoft Corp. Antitrust Litig.*, No. 1:00-cv-01272-JFM (D. Md. Dec. 2, 2004).

4.      Attached hereto as Exhibit C is a true and correct copy of *In re Microsoft Corp. Antitrust Litig.*, No. 1332, slip op. (JPML Apr. 25, 2000).

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

G. Stewart Webb, Jr.

Subscribed and sworn to before me
this 18th day of October, 2005.

Notary Public

**OLLIE W. MATTHEWS**
**Notary Public, District of Columbia**
**My Commission Expires:** 10 / 31 / 07

# EXHIBIT A

1

1

2          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
3                  NORTHERN DIVISION

4   IN RE:  MICROSOFT LITIGATION

5   _____/

6

7                  MDL Number 1332
              Friday, November 5, 2004
8              Baltimore, Maryland

9

10  Before:  Honorable J. Frederick Motz, Judge

11

12

13  Appearances:

14      On Behalf of the Plaintiffs:
         John K. Weston, Esquire
15       Robert Heuck, Esquire
         Gary S. Jacobson, Esquire
16       Frank Dudenhefer, Esquire
         Ben Barnow, Esquire

17
        On Behalf of Defendant Microsoft:
18       David B. Tulchin, Esquire
         Michael F. Brockmeyer, Esquire

19

20

21

22

23  Reported by:
    Mary M. Zajac, RPR
    Room 3515, U.S. Courthouse
24  101 West Lombard Street
    Baltimore, Maryland 21201

25

85

1  there's been sort of an effort to reargue or ask the Court to
2  reconsider motions to remand.
3        THE COURT:  To state court.
4        MR. TULCHIN:  To state court.  But the only thing
5  that's in front of Your Honor would be motions to remand, as I
6  understand it, motions to remand to the transferor court under
7  Lexicon.  And the only point I would make there is that a federal
8  judge in Louisiana or some other state will be required, then, to
9  answer these same questions about state law that a federal court
10  in Maryland would otherwise dispose of.
11        THE COURT:  Judges in Louisiana and New Jersey and
12  everywhere else are so good.
13        MR. TULCHIN:  Maybe so, Your Honor.  There's still
14  federal courts that will be dealing with issues of state law.
15  The federal courts would be located in different places.
16        THE COURT:  But Brems, Brems, there's nothing left to
17  do, is there?
18        MR. JACOBSON:  I think that's right.  I should just sit
19  down.
20        MR. TULCHIN:  No.  It is correct, and I think I said
21  this earlier.  I know it's so hard to keep track.
22        THE COURT:  I think you did.
23        MR. TULCHIN:  Brems is a case where the only ground on
24  which we move to dismiss or for summary judgment was failure to
25  prosecute.  And given --

86

1        THE COURT:  If I denied that, would you want an
2  opportunity, then -- the question is then do I make a suggestion
3  of remand to the MDL panel, to the transferor court?
4        MR. TULCHIN:  I think perhaps in that case be remanded to
5  the Iowa Federal District Court but I'd like at least an
6  opportunity to think about that.
7        THE COURT:  That's fair.
8        MR. TULCHIN:  Thank you, Your Honor.
9        MR. BARNOW:  Your Honor, respectfully, just to clarify
10  the record.  I take Mr. Tulchin's comments regarding no request
11  to remand to a state court only to deal with Brems.  Because
12  O'Neill --
13        THE COURT:  You clearly in O'Neill, you clearly are
14  asking me to reconsider my decision on removal.
15        MR. BARNOW:  That's correct.  We're seeking to go back
16  to state court.
17        THE COURT:  All on the basis of, I misinterpreted the
18  prayer for relief.  I'm not putting -- you would put it more
19  gracefully.  That I was incorrect in my interpretation.
20        MR. BARNOW:  And alternatively, if that isn't what the
21  Court chooses to do, then to Wisconsin's District Court.  But our
22  primary is to go back to state court in Wisconsin for all the
23  above reasons.
24        MR. DUDENHEFER:  Your Honor, if I may.  It's very
25  interesting to hear that the Napoleonic code and laws under

87

1  Louisiana are so common as to have application in 50 states
2  because every time I go some place, I'm told, where do you come
3  from and what is this Napoleonic code?
4        But more the point of the question you raised just now,
5  Your Honor, you said perhaps in the context of the personal
6  injury litigation, Judge Bechtel ruling was more appropriate.
7  When I started talking about an action in redhibition, that is,
8  under Louisiana Civil Code, is in fact a product liability remedy
9  for a defective product.  In addition, you may have certain
10  personal injury damages as a result of a defective product.
11        Again, it's under the scheme of that.  I think the fact
12  is, Your Honor, that Louisiana has looked to make certain laws to
13  protect its citizens that are unique and not necessarily assumed
14  by federal law.  I just wanted to respond to that in the context
15  of a product claim.
16        THE COURT:  Okay.  Do you all, I leave it up to you
17  all.  Some rulings I'm going to make, I may make, I may make no
18  new rulings but I certainly want to rehash where we are.
19        I can do that right now.  It will take a while, if Mary
20  can do it.  But if you all wanted -- and then you all can leave.
21  Or we can take a short recess and you all, and get your aspirin
22  or your sandwich.  Either one is fine with me.  What do you all
23  prefer?
24        Do you want me to try to go through right now and sum
25  up so you all can go home.

88

1        MR. TULCHIN:  That would be fine, Your Honor.  I'm
2  happy to do it either way that's convenient for the court and of
3  course for Mary's part.
4        THE COURT:  I'll try to do that.  If I make a mistake,
5  you all can tell me and then we can adjourn.
6        MR. HEUCK:  I'm happy to do it either way.
7        THE COURT:  It could be that I'm going to lose it.
8  Let's really try to go back at the beginning.  And I'm doing this
9  as much for Stephanie as for anybody else.  I don't have full
10  notes.  I know I'm going to make specific mistakes as we go
11  along.
12        But generally, what I am going to do, as to the 13
13  plaintiffs who failed to respond, I'm going to grant Rule 41(b)
14  motions.  The only one here that I've got some -- McWhinney.
15  Does anybody here represent McWhinney?
16        (No response.)
17        THE COURT:  And I want to resolve now where my mind is
18  on cases where there have been final approvals of state law
19  settlements.  That includes Penix from West Virginia, Cheeseman
20  I'm going to reserve on.  We're going to check Cheeseman.  My
21  recollection is that there was a third case in that category.
22  Does anybody remember what it was?  Gianni.  Gianni.
23        MR. TULCHIN:  Correct.
24        THE COURT:  So as to Gianni and Penix, the appropriate
25  remedy, the appropriate order for me, is it a 41(b)?  What is it?

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

December 2, 2004

Memo To Counsel Re: Microsoft Antitrust Litigation
MDL-1332

Dear Counsel:

The purpose of this letter is to rule upon several of the remaining claims plaintiffs assert under state law.

### *Aikens, Automatik,* and *Quigley* (Louisiana Law)

#### Unjust Enrichment Claims

I previously have dismissed the *Aikens* plaintiff's claim for unjust enrichment. *In re Microsoft Antitrust Litig.*, 127 F. Supp. 2d 702, 722 n.22 (D. Md. 2001). Plaintiffs contend that this ruling was incorrect because if they have no other viable claim, there is "a gap in the law" that entitles them to pursue an unjust enrichment remedy. *See generally Coastal Envtl. Specialists, Inc. v. Chem-Lig Int'l Indus., Inc.*, 818 So. 2d 12, 19 (La. App. 1 Cir. 2001). I am not persuaded by this reasoning. The mere fact that a plaintiff may not have a remedy under another provision of Louisiana law does not automatically entitle him to assert a claim for unjust enrichment. Rather, the point is that a plaintiff may not invoke the equitable doctrine of unjust enrichment "to defeat the purpose of a rule of law directed to the matter at issue." *Taylor v. Woodpecker Corp.*, 562 So. 2d 888, 892 (La. 1990). Because the Louisiana legislature has decided that indirect purchasers cannot recover under Louisiana's antitrust statute, *see Free v. Abbott Labs., Inc.*,176 F.3d 298, 299 (5th Cir. 1999), indirect purchasers may not assert an unjust enrichment claim under Louisiana law.

#### *Aikens'* Other Claims

The *Aikens* plaintiffs assert a bad faith breach of contract claim based upon the end-user licensing agreement. They have not, however, made any allegations as to how any term of the end licensing user agreement was breached by Microsoft or that Microsoft somehow acted with an intent to mislead or deceive with respect to the end-user licensing agreement. Likewise, plaintiffs' misrepresentation claim fails because they have alleged no facts that would give rise to "a legal duty on the part of . . . [Microsoft] to supply [them] correct information," as Louisiana law requires. *See*

*generally New Birth Temple Church of God in Christ v. Delta Claims Serv., Inc.*, 738 So. 2d
1210, 1212 (La. App. 2 Cir. 1999); *Devore v. Hobart Mfg. Co.*, 367 So. 2d 836, 839 (La. 1979).

The *Aikens* plaintiffs also assert a claim under article 2520 of the Louisiana Civil Code. That
section creates a warranty claim for redhibitory defects or vices in a product. The only defect or vice
plaintiffs have identified is the alleged overpricing of Microsoft's software. That does not constitute a
"redhibitory defect" or "vice." *See generally* Louisiana Civ. Code Art. 2520; *Family Drugstore of
New Iberia, Inc. v. Gulf States Computer Servs., Inc.*, 563 So. 2d 1324, 1326 (La. App. 3 Cir.
1990); *Commercial Union Ins. Co. v. Ryland Dodge & Chrysler, Inc.*, 457 So. 2d 255, 257 (La..
App. 3 Cir. 1984).

### *Automatik's* Claim Under LUTPA

There is a split in authority as to whether indirect purchasers have a private right of action under
the Louisiana Unfair Trade Practices Act ("LUTPA"). *Compare Plaquemine Marine, Inc. v.
Mercury Marine*, 859 So. 2d. 110, 117 (La. App. 1 Cir. 2002) *with e.g., Morris v. Rental Tools*,
435 So. 2d 528, 533 (La. App. 5 Cir. 1983). Under the majority view LUTPA provides a right of
action only for consumers and competitors. Federal district courts in Louisiana have adopted this view,
and I find that they are correct in having done so. *E.g., Hamilton v. Business Partners, Inc.*, 938 F.
Supp. 370, 374 n.11 (E.D. La. 1996). Thus, *Automatik's* claim under LUTPA fails. Although it has
alleged that it is an "OEM and computer consulting firm that purchases Microsoft software both directly
and through Microsoft's distributors," it has made no allegations to demonstrate that it is either a
consumer of the software or a Microsoft competitor.

### *Turner Corporation* (Massachusetts Law)

Turner Corporation attempts to state claims under §§ 9 and 11 of the Massachusetts'
Consumer Protection Act, Mass. Gen. Laws ch. 93A §§ 9 and 11. Turner Corporation's claim under
§ 9 fails because it "is engaged in trade or commerce" and thus is not a "consumer" within the meaning
of the section. Its claim under § 11 fails because in *Ciardi v. F. Hoffman-LaRoche, Ltd.*, 762 N.E.
2d 303, 311-12 (2002), the Massachusetts Supreme Judicial Court opined that in order for a business
to bring a claim under § 11 based upon alleged antitrust violations, a business must be a direct
purchaser. Turner Corporation does not allege that it was a direct purchaser.[1]

### *W. Pryor* (New Jersey Law)

---

[1]Turner Corporation's claim appears to be barred on the additional ground that its allegations
are insufficient to meet the "center of gravity" test the Massachusetts Supreme Judicial Court has
recently adopted in determining whether "the actions and transactions constituting the alleged unfair
method of competition or the unfair or deceptive act or practice occurred primarily and substantially
within the commonwealth," as required by §11. *See Kuwaiti Danish Computer Co. v. Digital
Equip. Corp.*, 781 N.E. 2d 787, 799 (Mass. 2003).

In *Kieffer v. Mylan Laboratories, Inc.*, No. Ber-L-365-99, 1999-2 Trade Reg. Rep. (CCH) ¶ 72,673 (N.J. Super. Ct. Sept. 9, 1999), the court held that "it is clear, in light of the statutory requirement that the New Jersey Antitrust Act be construed in harmony with the ruling judiciary interpretations of comparable federal antitrust statutes, that . . . the New Jersey Antitrust Act bars suits brought by indirect purchasers." *Id.* at *3. In January 2001, I declined to dismiss the *William Pryor* action in view of the fact that an appeal was then pending in *Kieffer*. *Microsoft*, 127 F. Supp. 2d at 723. That appeal was dismissed in February 2001. It appears to me that *Kieffer* was correctly decided. Accordingly, a dismissal of the *William Pryor* case is now appropriate.

### *Brandt, Moon, and O'Neill* (Wisconsin Law)

Plaintiffs in the *Brandt* and *O'Neill* cases have requested that I either (1) remand the actions to the Wisconsin state courts from which they were removed, or (2) suggest to the MDL Panel that the actions be remanded to the Eastern District of Wisconsin from which they were transferred in order for that court to determine whether a stay should be issued pending decision of the Wisconsin Supreme Court in *Olstad v. Microsoft Corp.* As to the renewed request that the actions be remanded to state court, I remain satisfied that my earlier ruling that removal was justified on the basis of the cost to Microsoft of complying with plaintiffs' requested injunctive relief was correct. That ruling was not based upon aggregating the cost of compliance as to each plaintiff but upon Microsoft's averment (supported by the affidavit of Christopher Jones) that complying with the requested injunctive relief as to any one plaintiff would cost Microsoft in excess of $75,000.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. | * | |
| ANTITRUST LITIGATION | * | MDL 1332 |
| | * | |
| | * | |
| MATTHEW W. O'NEILL | * | |
| | * | |
| v. | * | Civil No. JFM-00-1272 |
| | * | |
| MICROSOFT CORP. | * | |
| | ***** | |

ORDER

For the reasons stated in the accompanying memorandum to counsel, it is, this 2nd day of

December 2004

ORDERED

1. Plaintiff's motion to remand to state court or, alternatively, to the transferor district court is

denied; and

2. This action is stayed pending the decision of the Wisconsin Supreme Court in *Olstad v.*

*Microsoft Corp.*


/s/_____
J. Frederick Motz
United States District Judge

EXHIBIT C

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

APR 25 2000

FILED
CLERK'S OFFICE

*DOCKET NO. 1332*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE MICROSOFT CORP. WINDOWS OPERATING SYSTEMS ANTITRUST LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE* AND JOHN F. KEENAN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel are four motions or cross-motions for coordinated or consolidated pretrial proceedings that are brought pursuant to 28 U.S.C. § 1407 and currently encompass some or all of the 27 actions listed on the attached Schedule A and pending in seventeen districts as follows: four actions in the District of District of Columbia; three actions in the Southern District of Florida; two actions each in the Eastern District of Michigan, the District of Minnesota, the Southern District of New York, the Southern District of Ohio and the Eastern District of Wisconsin; and one action each in the Northern District of Alabama, the District of Arizona, the Southern District of California, the Southern District of Illinois, the District of Kansas, the Eastern District of Louisiana, the District of South Carolina, the Eastern District of Tennessee, the District of Vermont, and the Southern District of West Virginia.[1]   The Section 1407 moving parties are arrayed as follows: 1) sole common defendant Microsoft Corporation (Microsoft), whose motion seeks centralization of all 27 actions in the Western District of Washington or, alternatively, the Northern District of Illinois; 2) plaintiff

---

*Judge Bechtle took no part in the decision of this matter.

[1] Seven additional actions that were subject to at least one of the Section 1407 motions have been dismissed or remanded to state court: *Shelby Hartman, et al. v. Microsoft Corp.*, S.D. Florida, C.A. No. 1:99-3401; *Paul Rothstein v. Microsoft Corp.* N.D. Illinois, C.A. No. 1:99-8346; *Harvey Melnick, et al. v. Microsoft Corp.*, D. Maine, C.A. No. 2:99-377; *Burke Cueny v. Microsoft Corp.*, E.D. Michigan, C.A. No. 2:99-76057; *James Edwards v. Microsoft Corp.* D. New Mexico, C.A. No. 6:99-1476; *Daniel Sherwood, et al. v. Microsoft Corp.*, M.D. Tennessee, C.A. No. 3:99-1191; and *Charles T. Clark, Jr. v. Microsoft Corp.*, W.D. Tennessee, C.A. No. 1:99-1334. Accordingly, the question of Section 1407 transfer with respect to these actions is moot at this time. Also, various parties have notified the Panel of the pendency of more than twenty additional, potentially related actions pending in federal district courts. These actions, any other newly filed actions that come to the Panel's attention, and, for that matter, any of the dismissed actions subject to the original Section 1407 motion that may be reopened, will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).

- 2 -

eLeaders, Inc., in one of the District of District of Columbia actions, whose motion seeks centralization in the District of Columbia district of its action and the Alabama and Louisiana actions; 3) plaintiffs Linda Kloth, *et al.*, in the two Southern District of Ohio actions, whose motion seeks centralization in the Ohio district of only one of the Ohio actions, the Alabama action, and the District of Columbia *eLeaders* action; and 4) plaintiffs Precision Billing Service, Inc., *et al.*, in the Southern District of Illinois action, whose motion seeks centralization in the Illinois district of their action and the Alabama action.[2] All actions are brought, in whole or in part, on behalf of customers of Microsoft by plaintiffs who allege that Microsoft violated federal or state antitrust laws. Objections to transfer, generally, are raised with respect to transfer of particular actions: 1) plaintiffs in certain actions or potential tag-along actions who contend that actions removed by Microsoft from state to federal court should be excluded from transfer because there is no federal jurisdiction and the actions should be remanded to state court; 2) plaintiffs in certain actions who contend that actions brought on behalf of indirect purchasers should not be centralized or should be centralized separately from actions brought on behalf of direct purchasers; and 3) the non-Microsoft parties (plaintiffs Gravity, Inc., *et al.*, and defendants Compaq Computer Corp., Dell Computer Corp., and Packard Bell NEC) in one District of District of Columbia action (*Gravity*) that is the only action naming defendants in addition to Microsoft, who object to inclusion of *Gravity* in 1407 proceedings. Finally, plaintiffs in the Eastern District of Louisiana action have suggested that the Louisiana district should be selected as the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Maryland before Chief Judge J. Frederick Motz will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise out of the same nucleus of operative facts pertaining to Microsoft's alleged anticompetitive conduct in a purported market for personal computer operating systems. Accordingly, each action raises similar questions of market definition, the existence of monopoly power, the fact and significance of Microsoft's alleged anti-competitive conduct, and the existence and scope of any antitrust injury suffered by plaintiffs. Relevant discovery, including expert testimony, will overlap substantially in each action. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to overlapping class certification requests), and conserve the resources of the parties, their counsel and the judiciary.

Various plaintiffs' principal objection to Section 1407 transfer at this time is rooted in their contention that the Panel's decision should be stayed pending resolution of motions to remand to state court that are pending in their actions. We note, however, that jurisdictional and remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

---

[2]Much of the differences among the number of actions subject to the various motions seems to be in large part attributable to the various movants' awareness or lack of awareness of the pendency of related actions.

-3-

Other parties that either oppose inclusion of their respective action in Section 1407 proceedings or seek creation of two separate multidistrict dockets have argued, *inter alia*, that such an approach is necessary because 1) their action involves additional unique issues, parties or legal theories; and/or 2) centralization of all actions would be unduly burdensome. We are not persuaded by these contentions. We point out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Nor is the presence of additional or differing legal theories significant when the underlying actions still arise from a common factual core. We observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Finally, to any parties who believe that the uniqueness of their particular situation or the type of their claims renders continued inclusion of their action in MDL-1332 unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 181 F.R.D. 1, 11-13 (1998).

Given the range of locations of parties and witnesses in this docket and the geographic dispersal of constituent actions, it is clear that no single district emerges as a nexus. Thus we have searched for a transferee judge with the ability and temperament to steer this complex litigation on a steady and expeditious course, a quest that has encompassed virtually the entire corps of federal judges. By centralizing this litigation in the District of Maryland before Chief Judge Motz, a judge with considerable experience as a transferee judge for multidistrict litigation, we are confident that we are entrusting this important and challenging assignment to an able jurist who has the added advantage of sitting in an accessible, metropolitan district equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions on the attached Schedule A be, and the same hereby are, transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

John F. Nangle
Chairman

## SCHEDULE A

### MDL-1332 – In re Microsoft Corp. Windows Operating Systems Antitrust Litigation

#### Northern District of Alabama

*Blaine Cox, et al. v. Microsoft Corp.*, C.A. No. 1:99-3009

#### District of Arizona

*Wayne Mims v. Microsoft Corp.*, C.A. No. 2:99-2245

#### Southern District of California

*Clay Tyler, et al. v. Microsoft Corp.*, C.A. No. 3:99-2602

#### District of District of Columbia

*Gravity, Inc., et al. v. Microsoft Corp., et al.*, C.A. No. 1:99-363
*eLeaders, Inc. v. Microsoft Corp.*, C.A. No. 1:99-3090
*Franklin L. DeJulius v. Microsoft Corp.*, C.A. No. 1:99-3148
*Paul A. Deiter v. Microsoft Corp.*, C.A. No. 1:99-3275

#### Southern District of Florida

*Eric S. Lazarus v. Microsoft Corp.*, C.A. No. 0:99-7527
*To The Rescue Comprehensive Computer v. Microsoft Corp.*, C.A. No. 1:99-3301
*Elvarado Baptiste, et al. v. Microsoft Corp.*, C.A. No. 9:99-9076

#### Southern District of Illinois

*Precision Billing Services, Inc., et al. v. Microsoft Corp.*, C.A. No. 3:99-896

#### District of Kansas

*Elizabeth A. Wilson v. Microsoft Corp.*, C.A. No. 5:99-4192

#### Eastern District of Louisiana

*Jay S. Quigley, et al. v. Microsoft Corp.*, C.A. No. 2:99-3420

#### Eastern District of Michigan

*D's Pet Supplies, Inc. v. Microsoft Corp.*, C.A. No. 2:99-76056
*David Bach v. Microsoft Corp.*, C.A. No. 2:99-76086

- 2 -

MDL-1332 Schedule A (Continued)


### District of Minnesota

*Rubbright Group v. Microsoft Corp.,* C.A. No. 0:99-2017
*Steven Neilsen v. Microsoft Corp.,* C.A. No. 0:99-2037

### Southern District of New York

*Raymond Pryor v. Microsoft Corp.,* C.A. No. 1:99-12161
*Seastrom Associates, Ltd. v. Microsoft Corp.,* C.A. No. 1:99-12162

### Southern District of Ohio

*Linda Dameron Kloth, et al. v. Microsoft Corp.,* C.A. No. 1:99-1043
*Linda Dameron Kloth, et al. v. Microsoft Corp.,* C.A. No. 2:99-1276

### District of South Carolina

*Chris Campbell v. Microsoft Corp.,* C.A. No. 2:99-4165

### Eastern District of Tennessee

*Denise Davenport v. Microsoft Corp.,* C.A. No. 3:99-660

### District of Vermont

*Sara Cheeseman, et al. v. Microsoft Corp.,* C.A. No. 2:99-396

### Southern District of West Virginia

*Harold A. Phillips v. Microsoft Corp.,* C.A. No. 2:99-1080

### Eastern District of Wisconsin

*Matthew W. O'Neill v. Microsoft Corp.,* C.A. No. 2:99-1477
*Robert Weinke v. Microsoft Corp.,* C.A. No. 2:99-1505